UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WAEL M. AL RASHAEDAH,

            Petitioner,

v.

MARKWAYNE MULLIN and KEVIN
RAYCRAFT,

            Respondents.

Case No. 2:26-cv-11417

HONORABLE STEPHEN J. MURPHY, III

_____/

## ORDER DISMISSING PETITION

"For 'core habeas petitions,' 'jurisdiction lies in only one district: the district of confinement.'" *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025) (per curiam) (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004)). Wael M. Al Rashaedah is confined at the Baldwin Detention Center in Lake County in the Western District of Michigan. *See* ECF No. 1, PageID.3; 28 U.S.C. § 102(b)(1). He seeks release from custody. *See* ECF No. 1, PageID.7. But he filed the instant habeas petition in the Eastern District of Michigan. Because venue is improper in the Eastern District, the Court will dismiss the petition. *See Quintero-Martinez v. Raycraft*, Case No. 2:25-cv-13536, ECF No. 9, PageID.151 (E.D. Mich. Nov. 19, 2025) (Murphy, C.J.) (transferring a similar petition).

The district-of-confinement rule has a long history. In *Ahrens v. Clark*, 335 U.S. 188 (1948), the Supreme Court addressed whether 120 German nationals detained at Ellis Island could seek habeas relief in the District Court for the District

1

of Columbia. *Id.* at 189. The Court said no and held that district courts' statutory authority to grant habeas relief is limited to "petitioners who are confined or detained within the territorial jurisdiction of the court." *Id.* at 192. Years later, the Supreme Court limited the "inflexible jurisdictional rule" of *Ahrens. Braden v. 30th Jud. Cir. Ct. of Kentucky*, 410 U.S. 484, 500 (1973). Still, under the facts in *Ahrens*, the *Braden* Court noted that "traditional principles of venue would have mandated the bringing of the action in the Eastern District of New York, rather than the District of Columbia." *Id.* And even though *Braden* overturned parts of *Ahrens*, the Supreme Court has consistently reaffirmed the district-of-confinement rule for cases challenging present physical confinement. *See Padilla*, 542 U.S. at 444; *J.G.G.*, 604 U.S. at 672.

Today, the district-of-confinement rule is not jurisdictional in the usual sense. Rather, "the question of the proper location for a habeas petition is best understood as a question of personal jurisdiction or venue." *Padilla*, 542 U.S. at 451 (Kennedy, J., concurring); *see also J.G.G.*, 604 U.S. at 672 (holding that venue is improper outside the district of confinement). Courts have thus transferred habeas cases *sua sponte* under 28 U.S.C. § 1406(a). *See, e.g., Johnson v. Wrenn*, Case No. 2:25-cv-02545, Doc. 4, PageID.29 (W.D. Tenn. June 2, 2025) (Lipman, C.J.); *Edmond v. Rewerts*, No. 2:21-cv-12178, 2021 WL 4355163, at *1 (E.D. Mich. Sept. 23, 2021).

Here, because Al Rashaedah's petition violates the district of confinement rule, the Court must raise the issue of venue. Al Rashaedah challenged his present physical confinement, a core habeas petition. *See* ECF No. 1, PageID.1 (seeking the

2

Court's review of "the lawfulness of his detention"); *see also Padilla*, 542 U.S. at 443 (2004) (defining core petitions as those "challenging present physical confinement"); *Aguilar v. Dunbar*, Case No. 2:25-cv-12831, ECF No. 20, PageID.237–238 (E.D. Mich. Nov. 13, 2025) (White, J.) (finding that a similar challenge to detention under § 1555(b)(e) was a core habeas challenge). Because of cases like *J.G.G.* and *Padilla*, habeas petitions can only be filed in a single district at any given time. For Al Rashaedah, that district was the Western District of Michigan on April 29, 2026. *See* ECF No. 1; *see generally Khalil v. Joyce*, 771 F. Supp. 3d 268 (S.D.N.Y. 2025) (explaining why the district of confinement at the time of filing determines venue); *Khalil v. President*, 164 F.4th 259 (3d Cir. 2026) (same).

The flip side of the district-of-confinement rule is the immediate-custodian rule. Under the immediate-custodian rule, habeas petitioners who challenge their present physical confinement should name as respondent "the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Padilla*, 542 U.S. at 435. "By definition, the immediate custodian and the prisoner reside in the same district." *Id.* at 444. Here, however, Al Rashaedah named Kevin Raycraft (Director of ICE's Detroit Field Office) and Markwayne Mullin (DHS Secretary). *See* ECF No. 1, PageID.1. By not naming the warden of the Baldwin Detention Center, Al Rashaedah also violated the immediate-custodian rule.

To be fair, application of the immediate-custodian rule in the immigration context has a complicated history. The year before *Padilla*, the Sixth Circuit noted

3

that "although the warden of each detention facility technically has day-to-day control over alien detainees, the INS District Director for the district where a detention facility is located 'has power over' alien habeas corpus petitioners." *Roman v. Ashcroft*, 340 F.3d 314, 320 (6th Cir. 2003) (citation omitted). It thus assumed that, in certain situations, habeas petitioners could name the District Director as the respondent. But the Supreme Court's subsequent opinion in *Padilla* undercut *Roman*'s reasoning. *See Gjoliku v. Chertoff*, No. 06-cv-11747, 2006 U.S. Dist. LEXIS 45498, at \*3 n.1 (E.D. Mich. June 26, 2006). And Judge White has persuasively explained why *Roman* does not supply the appropriate standard for core habeas cases because it did not involve a "core habeas petition." *See Aguilar*, Case No. 2:25-cv-12831, ECF No. 20, PageID.250. Following the lead of Judge White, the Court finds that Al Rashaedah must name the warden of the Baldwin Detention Center as the respondent—not higher-ups in Detroit or Washington, D.C. *See id.* at PageID.232.

For these reasons, the petition violates both the district-of-confinement and the immediate-custodian rules. Though the rules may have some exceptions, *see Padilla*, 542 U.S. at 454 (Kennedy, J., concurring), none apply here. And because "jurisdiction lies in only one district: the district of confinement," *J.G.G.*, 604 U.S. at 672, venue is improper in the Eastern District.

If a court concludes that venue is improper, it has two options. 28 U.S.C. § 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been

4

brought." The decision to dismiss or transfer is within the Court's discretion. *See Kerobo v. Sw. Clean Fuels, Corp.*, 285 F.3d 531, 533 (6th Cir. 2002); *but see also Jackson v. L&F Martin Landscape*, 421 F. App'x 482, 484 (6th Cir. 2009) (holding that the district court abused its discretion by failing to consider whether transfer was in the interest of justice). Here, the interest of justice does not require transfer. Petitioner can refile his petition in the Western District, but Petitioner (who is represented by an attorney) also included at least one blatant falsehood in his petition: he averred that venue is proper in the Eastern District because that is where he "is detained." ECF No. 1, PageID.2. Not so. For those reasons, the Court will dismiss the case.

**WHEREFORE**, it is hereby **ORDERED** that the petition is **DISMISSED WITHOUT PREJUDICE**.

This is a final order that closes the case.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: May 11, 2026

5